# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lac Courte Oreilles Financial Services, LLC, Hummingbird Funds, LLC, Miinan Funds, LLC,<br><br>                  Plaintiffs,<br><br>v.<br><br>Cane Bay Partners VI, LLP, Dimension Credit (Cayman), L.P., Strategic Link Consulting, LP, Esoteric Ventures, LLC, InfoTel International Ltd., M. Mark High, Ltd., Kirk Chewning, David Johnson, Kim Anderson, Jay Clark, and DOES 1-20,<br><br>                  Defendants. | Case No. 3:22-cv-00344<br><br><br><br>**DECLARATION OF TIFFANY A. BLOFIELD** |

I, Tiffany A. Blofield, state and declare as follows:

1. I am a shareholder at the law firm of Greenberg Traurig. I represent Defendants Cane Bay Partners VI, LLP, Strategic Link Consulting, LP, Esoteric Ventures, LLC, InfoTel International Ltd., M. Mark High, Ltd., Kirk Chewning, David Johnson, Kim Anderson, and Jay Clark (collectively, the "Cane Bay Defendants") in the above-captioned matter. This declaration is based on my personal knowledge and is made in support of the Cane Bay Defendants' Motion to Compel Arbitration and to Dismiss.

2. Plaintiffs Hummingbird Funds, LLC and Miinan Funds, LLC (the "Loan Portfolios") have entered into contractual relationships (the "Service Agreements") with Defendants Cane Bay Partners VI, LLP, Esoteric Ventures, LLC, InfoTel International Ltd., Strategic Link Consulting, LP, and M. Mark High, Ltd. (the "Service Providers").

3. These Service Agreements all have limited waivers of sovereign immunity appearing in sections 13 or 15 depending on the contract. They state:

> Subject to this Section [13 or 15], pursuant to its waiver, the Tribe, on behalf of Company, expressly waives, Company's immunity from suit and **consents to arbitration and all other actions to enforce this Agreement** as provided in this Agreement and/or to be sued *in any of the following courts*, subject to the dispute resolution provisions of Section [14 or 16] herein, and **for the purpose of compelling arbitration,** or enforcing a Final Decision (in either instance, a "Judicial Proceeding") … (iii) **the United States District Court for the Western District of Wisconsin**. . .

Service Agts. at §§ 13(c), 15(c) (emphasis added).

  4. These Service Agreements all have identical dispute-resolution language, appearing in sections 14 or 16 depending on the contract, stating:

   a. "[a]ll disputes, controversies or claims between the Parties connected to this Agreement shall be resolved by binding arbitration conducted in accordance with the provisions of this Section ("Arbitration Proceedings") and per the Company's Limited Waiver of Sovereign Immunity contained in Section [13 or 15] above." Service Agts. at § § 14(a)(i) &16(a)(i).

   b. "That includes without limitation any dispute, controversy or claim between the Parties regarding the rights, duties, adequacy of performance, breach, or liabilities of a Party under any provision of this Agreement or the validity or enforceability of this Agreement ("Dispute")." *Id.* at §§ 14(a)(ii) & 16(a)(ii).

   c. "*Binding Arbitration*. Subject to the requirements and limitations of Section [15], either Party shall have the right to have the Dispute decided by Arbitration Proceedings in the manner provided in this Paragraph [14(f) or 16(f)] . . . (i) … and shall promptly thereafter file the Notice of Intent to Arbitrate with the American Arbitration Association . . ." *Id.* at §§ 14(f) & 16(f).

  5. The Agreements titled "Service Level Agreements" have virtually identical dispute-resolution language, appearing in Section 9 of the contract. They provide that "[i]f any

dispute arises under this Agreement, such dispute shall be resolved according to Section 14 of the Services Agreement[, which] is incorporated into this Agreement as if a part hereof." Service Level Agts. at §§ 9.

6. I did not file the Service Agreements or the Service Level Agreements with the Court, because of confidential pricing and other confidential information. However, if the Court determines that the entire Service Agreements and Service Level Agreements would be helpful for the motion to compel arbitration and dismiss, we will redact the Service Agreements and the Service Level Agreements and file a motion to seal with the Court.

7. The Service Providers filed Arbitration Demands and Complaints with the American Arbitration Association ("AAA") on June 16, 2022, six days before this action was filed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 28, 2022                                        /s/ Tiffany A. Blofield
Minneapolis, MN                                              Tiffany A. Blofield